Rania A. Attum
Kentucky Bar No. 94224
*Attorney for Petitioner*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUKY

| | |
|---|---|
| Ezequiel Moreno Cruz, | |
| Petitioner, | Case No.  3:25-cv-345-DJH |
| v. | **PETITION FOR WRIT OF HABEAS CORPUS** |
| Jailer Jeff Tindell, Warden, Oldham County Detention Center | |
| Todd M. Lyons**,** Acting Director of, or his agent, U.S. Immigration and Customs Enforcement; | **ORAL ARGUMENT REQUESTED** |
| Kristi Noem, Secretary of the U.S. Department of Homeland Security; | |
| Pam Bondi**,** Attorney General of the United States, in their official capacities, | |
| Respondents. | |

## INTRODUCTION

1. Petitioner Ezequiel Moreno Cruz is a citizen and national of Mexico.

2. He entered the United States on or about March 12, 2024.  He was detained and released on his own recognizance into the United States.  On July 24, 2024, he was served a Notice to Appear (NTA) and charged removable pursuant to INA §212(a). On May 1, 2025, the Department of Homeland Security (DHS) he checked in with U.S. Immigration and Customs Enforcement (ICE) Enforcement and Removal Operation (ERO) in

1

Louisville, Kentucky. On May 1, 2025, he was detained unlawfully and remains unlawfully detained by the Department of Homeland Security (DHS).

3. To date, the Petitioner's immigration proceedings are still pending within the Executive Office of Immigration Review (EOIR).

4. Accordingly, to vindicate Petitioner's constitutional right, this Court should grant the instant petition for writ of habeas corpus.

5. Petitioner asks this Court to find that he is unlawfully detained and order him released.

## JURISDICTION

6. This Court has subject matter jurisdiction under 28 U.S.C. §2241 (habeas corpus) and 28 U.S.C. §1331(federal question).

## VENUE

7. Venue is proper because Petitioner is detained at Oldham County Detention, in Oldham County, KY, which is within the jurisdiction of this District.

## REQUIREMENTS OF 28 U.S.C. § 2243

8. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

9. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*,

372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

10. Petitioner presented himself at the United States Canada Border seeking asylum in March of 2024. He was released on his own recognizances. He was compliant with his conditions of release. On May 1, 2025, he was reporting to Immigrations Customs and Enforcement (ICE). He was unreasonably detained. Petitioner is currently detained at Oldham County Detention Center in Oldham County, Kentucky. He is in the custody, and under the direct control, of Respondents and their agents.

11. Respondent Jailer Jeff Tindall is the Warden of Oldham County Detention Center and he has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. Respondent Jeff Tindall is a legal custodian of Petitioner.

12. Respondent, Angelica Alfonzo-Royals, is the Acting Director of Field Office of U.S. Immigration and Customs Enforcement. Respondent, Algonzo-Royals is a legal custodian of Petitioner and has authority to release him.

13. Respondent Kristi Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent, Kristi Noem, is responsible for the implementation and enforcement of the Immigration and Nationality Act and oversees U.S. Immigration and Customs Enforcement the component agency responsible for Petitioner's detention. Respondent Krisit Noem is a legal custodian of Petitioner.

14. Respondent, Pam Bondi, is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that

capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent, she is a legal custodian of Petitioner.

## STATEMENT OF FACTS

15. Petitioner Ezequiel Moreno Cruz is a citizen and national of Mexico.

16. On or about March 12, 2024, Petitioner entered the United States via the northern border with Canada, seeking asylum. He was briefly detained and released the same day pursuant to an Order of Release on Recognizance (Form I-220A, also known as conditional parole).

17. On July 24, 2024, the Department of Homeland Security (DHS) initiated removal proceedings against Petitioner under Section 240 of the Immigration and Nationality Act (INA) by filing a Notice to Appear with the Immigration Court.

18. On December 19, 2024, through counsel, Petitioner filed Form I-589, Application for Asylum and for Withholding of Removal, with the Immigration Court. His lawful wife, Rubi Chavez Alarcon, was included as a derivative applicant.

19. On April 26, 2025, Petitioner and his wife completed a check-in by email with U.S. Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) in Louisville, Kentucky. In response, Petitioner was instructed to report in person to the ICE office on May 1, 2025, at 8:00 AM. His wife was initially directed to complete another email check-in on January 12, 2027.

20. Counsel for the couple contacted ICE to clarify the purpose of the May 1 appointment. Counsel was informed that a letter had been mailed to Petitioner but was returned due to a typographical error in the address. ICE instructed counsel to advise both Petitioner and

his wife to appear for an in-person check-in on May 1, 2025, pursuant to the conditions of release set forth in the I-220A form.

21. Petitioner and his wife appeared at the ICE office as instructed. There, they were issued Expedited Orders of Removal and taken into custody. ICE stated the arrests were part of a "reprocessing" for expedited removal—a process that typically circumvents judicial review.

22. ICE also informed counsel that Petitioner's and his wife's Notices to Appear would be "cancelled" and that the Office of the Principal Legal Advisor (OPLA) had authorized the reprocessing for expedited removal.

23. At the time of his detention, Petitioner was fully compliant with the conditions of his release. He had no criminal history, had attended all ICE check-ins, and was awaiting his Master Calendar hearing scheduled for September 24, 2025. No circumstances justified a change in his custody status, other than the unilateral and arbitrary decision by ICE to reprocess him, despite ongoing proceedings under the jurisdiction of the Immigration Court.

24. On May 2, 2025, OPLA filed a Motion to Dismiss Petitioner's removal proceedings, citing changed circumstances that, in the government's view, rendered continuation of proceedings no longer in its best interest.

25. That same day, through counsel, Petitioner filed an opposition to the Motion to Dismiss and requested a bond hearing.

26. A bond hearing was held on May 7, 2025. The Immigration Judge denied bond, finding Petitioner's relief "speculative" and concluding that he posed a flight risk.

27. Facing indefinite detention, Petitioner instructed counsel to take all necessary steps to expedite his return to Mexico. He withdrew his opposition to the Motion to Dismiss and remains detained in legal limbo.

28. Despite the existence of Expedited Orders of Removal, ICE has not effectuated the removal of Petitioner and his wife and has taken no concrete steps to coordinate their return to Mexico.

29. Petitioner is not a danger to the community nor a flight risk. He has no criminal record. His current detention stems solely from his voluntary compliance with ICE's instructions to appear in person. Prior to his arrest, he was awaiting his court date to pursue a timely filed asylum claim and was approaching eligibility to apply for work authorization.

30. His continued detention is unjustified, harmful, and separates him from his wife, who is also detained.

31. The Respondents' decision to detain Petitioner was arbitrary and capricious from the outset. There was no legal or factual basis to alter his custody status. Shortly after his detention, DHS implemented a nationwide pattern of arrests targeting individuals in removal proceedings, evidently designed to preclude them from presenting their claims before an Immigration Judge.

## CLAIMS FOR RELIEF

### COUNT ONE

### Violation of Fifth Amendment Right to Due Process

32. The allegations in the above paragraphs are realleged and incorporated herein. On information and belief, Petitioner is currently unlawfully detained by federal agents in violation of his constitutional rights to due process of law.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3) Order that the Petitioner shall not be transferred outside the jurisdiction Western District of Kentucky,

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment of the United States Constitution.

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

(6) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(7) Grant any further relief this Court deems just and proper.

Respectfully submitted,

/s/Rania A. Attum
Attum Law Office
500 West Jefferson St, Suite 1515
Louisville, KY 40202
rania@attumlaw.com
502 230 2366
*Counsel for Petitioner*

Dated: June 0, 2025

## **VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Ezequiel Moreno Cruz, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 10th day of June, 2025.

s/*Rania A. Attum*
Rania A. Attum
